UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                                    CASE NO.  22-CR-20050-CMA-2

        Plaintiff,

vs.

DANIEL SOLORIO-MESQUELA,

        Defendant.

_____/

## DEFENDANT, DANIEL SOLORIO-MESQUELA'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, **DANIEL SOLORIO-MESQUELA,** (hereinafter referred to as "Mr. Solorio-Mesquela"), by and through his undersigned counsel, presents herewith his Objections to the Presentence Investigation Report ("PSI") [D.E. 45], and states as follows:

1.      **Objection to Paragraph 10: "Role Assessment"**

The Defendant objects to paragraph 10 of the PSI insofar as it states, "Neither aggravating nor mitigating role adjustments are recommended for any of the defendants."

Specifically, it is respectfully submitted that based upon Mr. Solorio-Mesquela's participation in the criminal conduct, he should receive a two (2) level minor role reduction pursuant to U.S.S.G. §3B1.2(b). (Note: It should be obvious that the statement in paragraph 6 of the PSI that reads, "Aguilar-Hurtado, Solorio-Mesquela, and Quintero were detained, and *each claimed to be the master of the GFV,* is the result of an error, either in the translation or the understanding of the defendants.)

As noted in *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999), "[A] district court's determination of a defendant's mitigating role in the offense should be informed by

two modes of analysis." *Id*. at 940. First, "the district court must measure the defendant's role against the relevant conduct for which [he] she has been held accountable." *Id.* Second, the district court must measure the defendant's role against the other discernable participants in the relevant conduct. *Id.* at 944–45.

The decision whether to apply a mitigating role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(c)). In *United States v. Cruickshank*, 837 F.3d 1182, 1194–95 (11th Cir. 2016), the Eleventh Circuit reaffirmed their holding in *De Varon* that a minor role reduction should be based on the "totality of the circumstances."

To assist the courts in making a role determination, the guidelines provide a list of non-exhaustive factors. *Id.* These factors include the degree to which the defendant (i) "understood the scope and structure of the criminal activity," (ii) "participated in planning or organizing the criminal activity," and (iii) "exercised decision-making authority or influenced the exercise of decision-making authority," as well as an examination of (iv) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts," and (v) "the degree to which the defendant stood to benefit from the criminal activity." *Id.* Section 3B1.2's commentary notes that the mere fact that a defendant performs an "essential or indispensable role in the criminal activity is not determinative."

Under *Rodriguez De Varon*'s first principle, we must ask whether Mr. Solorio-Mesquela "played a relatively minor role in the conduct for which [he] has already been held accountable— not a minor role in any larger criminal conspiracy." 175 F.3d at 944. The record shows that all three of the defendants in this case are being held accountable for the entirety of the criminal

2

scheme, therefore the question is:  Did Mr. Solorio-Mesquela play a relatively minor role in the criminal conduct, unlike the other two defendants?

Under *Rodriguez De Varon*'s second principle, we ask whether Mr. Solorio-Mesquela was less culpable than the other participants in the criminal activity.  In this regard, since he was a mere crew-member, he was certainly less culpable than the others on the vessel.

Prior to the time Mr. Solorio-Mesquela was recruited to join the criminal venture, he performed various labor jobs, such as painting, construction, and waste removal, in Buenaventura, Colombia, earning $4.90 to $12.24 U.S. per day.  Before that employment, he was employed on a full-time basis as an assistant at an automobile mechanic shop whose job it was to clean tools. He earned $24.48 to $29.38 U.S. per week at that employment.  Prior to that employment, Mr. Solorio-Mesquela was a fisherman, earning $7.35 to $9.79 U.S. per day.  Further, it should be noted that the residence in which he lived at the time he was recruited for the criminal venture, he rented for $73.45 U.S. per month.

Therefore, it is clear that he had no knowledge of the overall scope of the smuggling conspiracy and certainly had a lesser amount of knowledge regarding the plan than the other defendants.

Based on the foregoing, Mr. Solorio-Mesquela should receive a two (2) level minor role reduction pursuant to U.S.S.G. §3B1.2(b).

2.  **Objection to Paragraph 16:  "Base Offense Level"**

The Defendant objects to paragraph 16 of the PSI insofar as it states that the base offense level is 38.

The Defendant acknowledges that the Government states that the amount of cocaine involved in the offense for which he is accountable is greater than 450 kilograms, and that applying

the guideline quantity table to that amount of cocaine results in a base offense level of 38. However, that merely refers to the drug quantity (weight), but does not contemplate any reduction in base offense level that may result from a mitigating role adjustment pursuant to U.S.S.G. §2D1.1(a)(5)(iii), which provides for a four (4) level reduction in the otherwise applicable base offense level.

Specifically, pursuant to U.S.S.G. §2D1.1(a)(5)(iii), when the mitigating minor role adjustment is applied as argued above, the base offense level then becomes 34, rather than 38.

3.    **Objection to Paragraph  17: "Specific Offense Characteristics"**

The Defendant objects to paragraph 17 of the PSI insofar as it states, "Specific Offense Characteristics: None."

It is submitted that shortly the Defendant will be furnishing his safety valve statement and therefore will be entitled to the two (2) level reduction provided for in U.S.S.G. §2D1.1(b)(18) and the benefits provided for in U.S.S.G. §5C1.2(a).

Therefore, the two (2) level reduction provided for in U.S.S.G. §2D1.1(b)(18) should be applied in this sentence computation.

4.    **Objection to Paragraph 19:  "Adjustment for Role in the Offense"**

The Defendant objects to paragraph 19 of the PSI insofar as it states, "Adjustment for Role in the Offense: None."

As discussed above in the objection to paragraph 10 of the PSI which is hereby incorporated by reference, Mr. Solorio-Mesquela should receive a two (2) level minor role reduction pursuant to U.S.S.G. §3B1.2(b).

4

5.       **Objection to Paragraph 21:  "Adjusted Offense Level"**

The Defendant objects to Paragraph 21 of the PSI with regard to the assertion that the *adjusted offense level* should be 38.

Specifically, when four (4) levels are deducted from the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(iii), and the two (2) level safety valve reduction is applied, and two (2) levels are deducted for the Defendant's minor role pursuant to U.S.S.G. §3B1.2(b), the result is an *adjusted offense level* of 30, rather than 38.

6.       **Objection to Paragraph 25:  "Total Offense Level"**

The Defendant objects to Paragraph 25 of the PSI with regard to the assertion that the *total offense level* should be 35.

Specifically, when four (4) levels are deducted from the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(iii), and the two (2) level safety valve reduction is applied, and two (2) levels are deducted for the Defendant's minor role pursuant to U.S.S.G. §3B1.2(b), and three (3) levels are deducted for acceptance of responsibility, the *total offense level* would read 27, rather than 35.

7.       **Objection to Paragraph 59: "Sentencing Options - Guideline Provisions"**

The Defendant objects to Paragraph 59 of the PSI inasmuch as it reads, "Based upon a total offense level of 35 and a criminal history category of I, the guideline imprisonment range is 168 to 210 months."

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 27* and a criminal history category of I, the *advisory guideline imprisonment range* is **70 to 87 months**, before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

**WHEREFORE**, the Defendant, **DANIEL SOLORIO-MESQUELA**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100 / Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Daniel Solorio-Mesquela*.)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100 / Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Daniel Solorio-Mesquela*.)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

6

## SERVICE LIST

**United States of America v. Daniel Solorio-Mesquela**
**Case No. 22-CR-20050-CMA-2**
**United States District Court, Southern District of Florida**

Marc S. Chattah, A.U.S.A.
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9001
Fax: 305-536-7213
Email: marc.chattah @usdoj.gov

Annika Marie Miranda, A.U.S.A.
United States Attorney's Office - SDFL
99 N.E. 4th Street
7th Floor
Miami, FL 33132
305-961-9303
Email: annika.miranda@usdoj.gov

Gabriel Fernandez
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
Office: 305-523-5315
E-mail: gabriel_fernandez@flsp.uscourts.gov