UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                 CASE NO.: 22-20050-CR-ALTONAGA

DANIEL QUINTERO,

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant DANIEL QUINTERO, by and through his undersigned counsel and pursuant to Administrative Order 95-02 and U.S.S.G. §6A1.3, hereby files these, his objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1. On June 1, 2022, this Defendant pled guilty to Counts One and Two of the indictment in this case which generally charged him with conspiracy to possess and possession with the intent to distribute five kilograms of cocaine or more on a vessel subject to the in violation of 46 U.S.C. §70506. (DE #42)

2. Currently, sentencing in this matter is set for Tuesday, August 16, 2022 at 9:00 a.m. at the United States Courthouse in Miami.

3. The Defendant objects to ¶ 6 of the Presentence Investigation Report as Mr. Quintero at no time stated he was the master of the GFV.

4. The Defendant objects to ¶ 9 of the Presentence Investigation Report as this paragraph states that 8 of the 24 packages had a gross weight of 10 kilograms. Assuming a weight of 10 kilograms per kilo, total weight of the 24 packages should be 240 kilos and not 720.

5.     The Defendant objects to paragraph 10 of the Presentence Investigation Report as Mr. Quintero played a minor role in this conspiracy. Please see below regarding this point.

6.     The Defendant objects to ¶ 15-25: The calculation is incorrect. Mr. Quintero is deserving a minor role. Please see argument below. Moreover, a safety valve statement has been prepared and emailed to the Assistant United States Attorney, Marc Chattah, Esquire.

7.     ¶ 34 should be corrected to reflect the Correct age of Mr. Quintero's mother. She is 53 years old.

8.     ¶ 36 should be corrected to reflect the following: Mr. Quintero's son, Carlos Daniel Quintero Asprilla is actually 14 years old, not 13. Also, Mr. Quintero's current girlfriend, Andrea Bolanos Castillo is actually 27 years old, not 37 years old. Moreover, the manicure work that Ms. Bolanos Castillo does at her home is sporadic and does not take place on a regular basis.

9.     ¶ 38 should be corrected to reflect that Mr. Quintero lost his passport. Therefore, it is not located in his residence in Colombia. Additionally, Mr. Quintero has not had foreign travel for the last five years, not ten years.

10.    ¶ 50 should be corrected to reflect that while Mr. Quintero worked at subway restaurant in Buenos Aires Argentina, he made between $70.00 to $80.00 dollars per week.

11.    ¶ 54 should be corrected to reflect that he owes "gota a gota" approximately $1,000.00 exclusive of interest and $10,000.00 to UA1.

12.    ¶ 58 should be corrected to reflect that Mr. Quintero scores a base offense level of 27 and a criminal history category I, the guideline imprisonment range is 70-87 months.

### *"Safety Valve"*

The defendant would object to not being afforded the relief from any minimum mandatory sentence as well as an additional two level reduction in his total offense level pursuant to §2D1.1(b)(18). As outlined in ¶14 of the PSI, the defendant has met the first four of the criteria necessary to qualify for the safety valve, however, he had

not yet met the fifth prong.  It is anticipated that by the time of the sentencing in this matter the defendant will have met the fifth prong.

### *Motion for Variance and for Minor Role Reduction*

Paragraph 10 generally states that, Neither aggravating nor mitigating role adjustments are recommended for any of the defendants as they share equal roles.  It is respectfully submitted that this Defendant should receive a 2-level mitigating role adjustment as a minor participant pursuant to U.S.S.G. §3B1.2 (b). Application Note 3(C) instructs that the applicability of a mitigating role adjustment is a fact-based determination based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

The notes provide a non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts, and (v) the degree to which the defendant stood to benefit from

the criminal activity.

The PSI fails to recognize the distinctions in levels of culpability among the individuals involved in this entire operation. According to §3B1.2 of the U.S. Sentencing Guidelines, "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." The application note clarifies that a four-level reduction would be appropriate "**for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.**" U.S.S.G. § 3B1.2, comment; *see also United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (creating  a two pronged analysis: 1) whether the defendant is a minimal participant in relation to the relevant conduct attributed to the defendant in calculating his base offense level; 2) defendant's relative culpability in relation to that of co-defendants).

Mr. Quintero's role in this matter is analogous to that of an "offloader" in a very large drug smuggling operation. He did not supply the narcotics at issue, Mr. Quintero is extremely poor and participated in the offense strictly to provide financial support for his children and his family.

As noted in Paragraph 47, he completed high school in Colombia in order to work and help support his family. In addition, he has no other skills even related to maritime work.  The PSI at ¶49-51 shows his employment since 2008.  This has been limited to working as a "moto taxi" operator on his motorcycle, making sandwiches as the local Subway, while he studied in Buenos Aires, Argentina and working at various lumber yards.  This is hardly the resume of an experienced seaman.  He was not capable of organizing or planning any portion of the trip which he made. He had

no decision making authority and was acting at the direction of a higher ranking persons. Mr. Quintero's involvement was limited to transporting the contraband from one destination and offloading it to a third party,

therefore it was only in his possession for a brief period of time. In considering the *De Varon* factors, the court should find in favor of a mitigating role adjustment.

Therefore, the Defendant respectfully requests that this Honorable Court grant him a 2-level mitigating role adjustment as a minor participant pursuant to U.S.S.G. §3B1.2(b). If the court were to grant the request, the defendant's Base Offense Level – would be computed as follows:

| | |
|---|---|
| Base Offense Level | 38 |
| Safety Valve | - 2 |
| §2D1.1(a)(5) Adjustment | - 4 |
| §3B1.2 Adjustment | - 2 |
| Acceptance of Responsibility | - 3 |
| Total Adjusted Base Offense Level: | 27 (Guideline Range of 70-87) |

The defendant submits the court should make a finding that the defendant is a minor participant. However, in the alternative, the defendant submits that a variance from the mandatory minimum sentence of 120 months is appropriate in considering §3553(a) factors. A sentence of 60 months satisfies all the factors this court should consider and is a sufficient sentence in light of the facts and circumstances of this case.

### *Request for Variance*

For the reasons argued herein, the defendant submits that this memorandum should be considered by the Court in imposing a sentence that is sufficient but not greater than necessary to achieve the sentencing objectives of Title 18, United States Code, Section 3553(a).

### *Offense Summary*

DANIEL QUINTERO does not dispute the facts and circumstances surrounding the charges and allegation in this case.  In addition, he has no additions or modifications to the "Offense Conduct" portion of the PSI, except as to paragraph 6 which states that Mr. Quintero claimed to be the master of the vessel.  Through the undersigned counsel, the defendant once again wishes to extend his sincerest apologies and deep regrets for his involvement in this case which he will have an opportunity address to the court during his allocution.

### *Memorandum of Law*

A variance comports with the sentencing procedures that have evolved since the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Gall v. United States,* 552 U.S. 38, 128 S. Ct. 586 (2007) *See, United States v. Livesay,* 525 F.3d 1081, 1089, 1090 (11th Cir. 2008) (summarizing current sentencing procedures in Eleventh Circuit); *United States v. Pugh*, 513 F.3d 1179, 1188-91 (11th Cir. 2008).

The sentencing Court first evaluates the appropriate guidelines, resolves any guideline objections and determines the applicable advisory guideline range. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. at 596-97 (2007); *Livesay* at 1089-90. After "consult[ing] and correctly determin[ing] the sentencing range prescribed by the Sentencing Guidelines … [t]he court must then impose a reasonable sentence in light of the factors enumerated in 18 U.S.C. §3553(a)." *United States v. McBride*, 511 F.3d 1293 (11th Cir 2007). Among the factors which the sentencing Court "shall consider" under Section 3553(a)(1) are "the nature and circumstances of the offense and the history and characteristics of the defendant" and under (a)(2) "the need for the

sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2)(A)-(D). *See, e.g., United States v. McBride*, 511 F.3d 1293, 1296-97 (11th Cir. 2007). The Court "***may not presume that the [advisory] guidelines range is reasonable***." *Gall*, 128 S.Ct. at 596-97 (emphasis added); *see also, United States v. Campbell*, 491 F.3d 1306, 1313-1314 (11th Cir. 2007) ("We do not in this Circuit presume reasonable a sentence within the properly calculated guidelines range"). Thus, after making an "individualized assessment" of the Section 3553(a) factors based on the facts presented, the sentencing Court has the power to grant a variance from the advisory guidelines range to whatever extent the Court deems warranted by the facts of each defendant. *Gall*, 128 S.Ct. at 595-97; *Livesay*, 525 F.3d at 1090; *McBride*, 511 F.3d at 1297-98.

This Court must consider the Defendant's individual history and the sentences the other related co-defendants may receive, as well as similarly situated defendants in similar cases.

While the United States Sentencing Guidelines prohibit or discourage departures on a number of grounds, the same is not true of "variances." A sentencing Court may in fact consider factors under the broader Title 18, United States Code, Section 3553(a), even though the same factors might be prohibited or discouraged

under the guidelines. Section 3553(a) directs the Court to impose a sentence sufficient, but not greater than necessary based upon the statutory objectives and relevant factors. A variance is further supported by Title 18, United States Code, §3582, which provides:

> (a) Factors To Be Considered in Imposing a Term of Imprisonment.– The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth is section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation….

The post-*Booker* reinstatement of judicial discretion requires the Court to consider the personal background of the offender as well as the offense itself.

***(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant. Title 18, United States Code, Section 3553(a)(1).***

Since the guidelines are advisory, they are simply "one sentencing factor among many." *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006). The Court should look past the four corners of the offense conduct portion of the Presentence Investigation Report to assure the proper and reasonable sentence is imposed. Accordingly, the Court has full discretion to impose a sentence below the advisory guideline range as long as the resulting sentence is reasonable.

Furthermore, in application, the Eleventh Circuit has affirmed numerous below guideline sentences since *Booker* even without cooperation. *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (affirming 72 month sentence even though low end of guidelines was 151 months); *United States v. Halsema*, 2006 WL 1229005 (11th Cir. May 9, 2006) (unpublished) (affirming 24 month sentence even though guidelines were 57 to 71 months and even though grounds for variance would not have

supported departure); *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but not greater than necessary to punish, deter and rehabilitate defendant even though low end of guidelines was 188 months). Now that the guidelines are advisory only, they are simply "one sentencing factor among many." *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006). Accordingly, the Court has full discretion to sentence below the advisory guideline range without a motion for downward departure as long as the resulting sentence is reasonable.

In the instant case, the court should consider that the defendant is a life long resident of Columbia having never been in the United States before his arrest on the high seas. He is going to be 32 years of age at the end of November 2022. He comes from an extremely humble upbringing which we may describe as the lower socio-economic background but Mr. Quintero described as "difficult" and "impoverished". (See ¶34 of the PSI) He has two children one of which has a major blood disorder and relies on the defendant for support.

As with "boat cases" such as the instant case, this court should also take into account that the defendant owned neither the vessel nor the cocaine that was found aboard the vessel. His role was to transport the cocaine aboard the vessel to a location that he did not participate in setting. He was not involved in the placement either of the load of cocaine located on the vessel or for setting or receiving the transportation fee that was likely charged to the owners of the narcotics.

This lifetime of stable employment combined with his two minor children clearly mitigate toward a sentence well below the lowest end of the applicable guideline range.

***(2)* *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense,* *to Promote Respect for the Law and to Provide Just Punishment for the Offense,* *to Afford Adequate Deterrence to Criminal Conduct, to Protect the Public from* *Further Crimes of the Defendant and to Provide the Defendant with Needed* *Training or Services. Title 18, United States Code, Section 3553(a)(2)(A)-(D).***

A sentence below the lowest end of the guideline range still sends a strong message that a defendant's conduct has serious consequences. Such a sentence sends an appropriate message to those who engage in similar criminal conduct that their crimes will not be tolerated and that they are subject to significant deprivations of personal liberty when they engage in such conduct.

The Supreme Court has recognized that even a term of probation without any Incarceration constitutes significant punishment. *See Gall v. United States*, 128 S. Ct. 586, 595-96 (2007) (straight probation without home confinement is punitive and the conditions imposed "substantially restrict . . . liberty"). The court also recognized that imposing a term of incarceration in the name of promoting respect for the law in a case where a particular defendant's unique circumstances suggest a more lenient sentencing alternative actually could promote disrespect for the law:

Moreover, the unique facts of *Gall*'s situation provide support for the District Judge's conclusion that, in *Gall's* case, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Id*. (citation omitted).

Providing flexibility in sentencing for certain non violent offenders helps lower

recidivism, is cost effective, and protects the public.

**3) *The Kinds of Sentences Available. Title 18, United States Code, Section 3553(a)(3).***

Section 3553(a) expressly dictates that the Court shall impose a sentence sufficient, *but not greater than necessary*. *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). Here, the Court is in a position to fashion a sentence that would punish DANIEL QUINTERO, protect the public and others by restricting his freedom. Under *Gall, supra*, the sentencing guidelines and policy statements are but one factor among all of the other Section 3553(a) factors. Moreover, in order to impose a sentence that is procedurally reasonable, this Court must treat the guidelines as advisory and not mandatory and consider the guidelines among all of the statutory factors set forth in Section 3553(a). As noted herein, in fashioning a sentence that is substantially reasonable, this Court has considerable discretion as to the weight it decides to give each of the Section 3553(a) factors and the guideline sentence itself.

This Court may rightfully consider the fact that a prison term will mean more to him than it would mean to a person who was previously imprisoned. *United States v. Baker,* 445 F.3d 987, 992 (7th Cir. 2006) (such a consideration is consistent with § 3553's directive that the sentence reflect the need for just punishment and adequate deterrence); *United States v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required to a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.")

***(4) The Kinds of Sentence and Sentencing Range Established by the Sentencing Guidelines and Pertinent Policy Statements. Title 18, United States Code, Section 3553(a)(4).***

In *Booker*, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756. This renders the sentencing guidelines advisory. *Id.* In essence, this Court has full discretion to issue whatever sentence it finds just and proper under the facts and circumstances of this case. *United States v. Collington*, 461 F.3d 805 (6th Cir. 2006) (post-*Booker*, a sentencing court has "greater latitude" to sentence outside the guideline range, and in "appropriate cases" may conclude that the criminal history category overstates the severity of the defendant's criminal history or that a lower sentence would still comply with and serve the mandates of section 3553(a)); *United States v. McGhee*, 512 F.3d 1050 (8th Cir. 2008) (per curiam).

***(5) The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct. Title 18, United States Code, Section 3553(a)(6).***

Although the primary purpose of the Sentencing Reform Act was to "reduce unwarranted sentencing disparities," the guideline regime has led to variants of disparity never contemplated by its drafters. Sentencing is driven in part by the applicable guidelines, the statutory sentencing factors and individual judicial discretion.

At this point, there are no disparate sentences that can be compared since all

three defendants in this case are due to be sentenced on August 16, 2022.

*(6) The Need to Provide Restitution to Any Victims of the Offense. Title 18, United States Code, Section 3553(a)(7).*

Restitution is not an issue in the instant case.

WHEREFORE, the Defendant DANIEL QUINTERO respectfully requests that this Court take the foregoing into account in fashioning an appropriate sentence with the appropriate variance below the applicable guideline range.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 26th day of July 2022.

Respectfully submitted,

**LAW OFFICES OF VICTOR E. ROCHA, P.A.**
7700 North Kendall Drive, # 604
Miami, Florida 33156
Tel: (305) 774-9111
Fax: (305) 514-0987
Email: rochalaw@gmail.com

**BY: /s /*Victor E. Rocha, Esq.***
VICTOR E. ROCHA, ESQ.
Florida Bar No. 366382